IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARTANIEL PRUITT, #19060657,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-00167-JPG |
| ) | |
| **RICH STEVENSON,** ) | |
| **KENNY BENZING,** ) | |
| **and JOHN DOE ##1-3,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dartaniel Pruitt, who is currently detained at Pulaski County Detention Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Marion County Law Enforcement Center ("Jail"). (Doc. 1). In the Complaint, Plaintiff complains about various unconstitutional conditions of confinement at the Jail from October through December 2020. (*Id*. at 12). He seeks money damages and injunctive relief.[1] (*Id*. at 13).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] In addition to money damages, Plaintiff seeks termination of the defendants' employment, implementation of unspecified safety policies, and a "TRO for [his] safety." (Doc. 1, p. 13). These requests are too vague to support an order for injunctive relief. The request is also considered moot because Plaintiff is no longer housed at Marion County Law Enforcement Center. If he anticipates returning to the Jail and facing the same conditions, Plaintiff may renew his request by filing a separate motion for temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65. For now, the request for injunctive relief is **DENIED without prejudice**.

1

money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). As part of this Court's screening, it will consider whether any claims are improperly joined and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 12): Defendants Stevenson and Benzing did the following between October and December 2020: (a) they placed inmates on a 3-month lockdown without notice or a hearing in October 2020, and John Does 1-3 enforced the lockdown; (b) they denied Plaintiff access to his attorney for two months beginning in November 2020; (c) they denied Plaintiff's request for his own mask and refused to require officers to wear masks to prevent the spread of COVID-19 beginning in October 2020; (d) they denied Plaintiff "the most amount of showers" in December 2020. Finally, John Doe 1 allowed police dogs to attack Plaintiff and other inmates in December 2020. (*Id*.).

## Discussion

Consistent with the allegations, the Court designates the following enumerated counts in this *pro se* Complaint:

**Count 1:** Sheriff Stevenson, Jail Administrator Benzing, and John Does 1-3 placed Plaintiff and other inmates on a 3-month lockdown without notice or a hearing, in violation of the right to due process of law under the Fourteenth Amendment.

**Count 2:** Sheriff Stevenson and Jail Administrator Benzing denied Plaintiff access to the courts by preventing him from accessing his attorney for two months beginning in November 2020, in violation of his rights under the Fourteenth Amendment.

**Count 3:** Sheriff Stevenson and Jail Administrator Benzing failed to mitigate Plaintiff's serious risk of COVID-19 exposure and infection at the Jail beginning in October 2020 by failing to require masks, in violation of Plaintiff's constitutional rights under the Eighth or Fourteenth Amendment.

>   **Count 4:**   Sheriff Stevenson and Jail Administrator Benzing denied Plaintiff "the most amount of showers" in December 2020, in violation of his rights under the Eighth or Fourteenth Amendment.
>
>   **Count 5:**   John Doe 1 allowed a dog to attack Plaintiff in December 2020, in violation of his rights under the Eighth or Fourteenth Amendment.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Count 1

In order to state a due process claim under the Fourteenth Amendment, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff has not made this showing. Therefore, Count 1 does not survive screening.

An inmate's liberty interest in avoiding segregation or extended lockdown is limited. *See, e.g., Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Whether a convicted prisoner's placement implicates a protected liberty interest depends on whether "confinement impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citation omitted). In making this determination, the Court looks to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id*. (citing *Marion*, 559 F.3d at 697 (emphasis in original)).

The atypical-and-significant-hardship test will not support punishment of a pretrial detainee because pretrial detainees are not similarly situated to prisoners. *See Rapier v. Harris*, 172 F.3d 999, 1003-05 (7th Cir. 1999). A person held in pretrial confinement cannot be punished

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

at all for the crime he is suspected of committing. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, a person who is "lawfully detained in pretrial confinement . . . is subject to certain restrictions on his liberty." *Rapier*, 172 F.3d at 1003. The government may take reasonable measures to effectuate pretrial detention, such as those steps necessary to maintain safety and security at the facility. *Id*. As long as these measures are "reasonably related" to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

Whether the 3-month lockdown violated Plaintiff's Fourteenth Amendment rights depends on several factors that are not addressed in the Complaint, such as Plaintiff's status as a convicted prisoner or pretrial detainee at the time, the reasons for the lockdown, and the conditions he endured in lockdown. The Complaint addresses none of these factors. Plaintiff instead relies on conclusory and bald assertions of a constitutional violation in support of this claim. Because the claim is not at all factually developed, it shall be dismissed without prejudice.

### Count 2

As with all claims of interference with access to the courts, a detainee's claim of denied access to his attorney requires a showing that the deprivation resulted in some hindrance to a legal claim. *Guajrada-Palma v. Martinson*, 622 F.3d 801-805-06 (7th Cir. 2010) (analyzing claim involving interference with legal mail). In the instant case, Plaintiff fails to identify any hindrance to a legal claim or action. Count 2 is factually undeveloped. Therefore, Plaintiff may not proceed with this claim against the defendants, and Count 2 shall be dismissed without prejudice.

### Count 3

The allegations articulate a claim against Sheriff Stevenson and Jail Administrator Benzing under the Eighth or Fourteenth Amendment for failing to take steps to mitigate the spread of

coronavirus by providing masks to inmates and staff at the Jail. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). The Eighth Amendment prohibits cruel and unusual punishment of convicted prisoners, and the Fourteenth Amendment prohibits all forms of punishment of pretrial detainees. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. at 535). Conditions that deprive an inmate of basic human needs, such as food, water, medical care, sanitation, or safety, may violate the Eighth or Fourteenth Amendment. *Id.*; *James v. Milwaukee*, 956 F.2d 696, 699 (7th Cir. 1992).

An Eighth Amendment claim requires a showing that the conditions were sufficiently serious to create an excessive risk to the inmate's health or safety (an objective standard) and also show that each defendant responded to the conditions with deliberate indifference (a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A Fourteenth Amendment claim requires a showing of objective unreasonableness. *Hardeman*, 933 F.3d at 823 (extending *Kingsley*'s objective inquiry to all conditions-of-confinement claims brought by pretrial detainees). Under the Fourteenth Amendment, a pretrial detainee must plausibly allege that he endured conditions that were objectively unreasonable, meaning the defendant acted "purposefully, knowingly, or perhaps even recklessly" in relation to said conditions or care. *See Ferguson v. Cook County Correctional Facility/Cermak*, 836 F. App'x 438, 441 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)). Negligence does not give rise to a claim under either standard. *Id.* (citing *Miranda*, 900 F.3d at 353).

The allegations suggest that the defendants acted knowingly when they unreasonably or with deliberate indifference refused to require masking of inmates and staff during the ongoing COVID-19 pandemic in late 2020. Accordingly, Count 3 shall receive further review against Sheriff Stevenson and Jail Administrator Benzing.

**Count 4**

The same cannot be said of Plaintiff's claim that he was denied "the most amount of showers" by staff in December 2020. Neither the Eighth nor the Fourteenth Amendment mandate access to the "most ideal" or "best" possible living conditions, and this includes Plaintiff's access to the most showers in December 2020. This claim shall be dismissed without prejudice for failure to state any claim for relief against the defendants.

**Count 5**

Plaintiff's claim against John Doe 1 for using a dog to attack Plaintiff is improperly joined herein. Count 5 involves a distinct defendant, facts, occurrence, and legal theory when compared to Count 3 against Sheriff Stevenson and Jail Administrator Benzing for failing to enforce a mask requirement at the Jail. *See* FED. R. CIV. P. 18, 20(a)(2). These two claims cannot proceed together in the same action.

District courts apply Rules 18, 20, and 21 of the Federal Rules of Civil Procedure to prevent improperly joined parties and/or claims from proceeding together in the same suit. *George*, 507 F.3d at 607. Under Rule 21, district courts have broad discretion when deciding whether to sever claims or dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever Count 5 against John Doe 1 into a new suit.

Plaintiff will have a reasonable period of time to decide whether he wishes to pursue his claim in the newly-severed case. If so, Plaintiff will be responsible for paying an additional filing fee for the newly-severed action and may also receive a "strike" if it is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g). If he chooses not to proceed with the claim, he will avoid payment of a filing fee for the severed case only if Plaintiff timely advises the Court of his decision by the deadline set forth below.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows: **COUNT 3** against Defendants **RICH STEVENSON** and **KENNY BENZING** will receive further review. However, **COUNTS 1, 2,** and **4** are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state any claim for relief against them, and the Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **JOHN DOES 1, 2,** and **3** as defendants in CM/ECF.

**IT IS ORDERED** that **COUNT 5** against Defendant **JOHN DOE 1** is **SEVERED** into a separate suit, which the Clerk's Office is **DIRECTED** to open as follows: **Dartaniel Pruitt,** *Plaintiff* v. **John Doe 1,** *Defendant.*

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that as to **COUNT 3**, the Clerk of Court shall prepare for Defendants **RICH STEVENSON** and **KENNY BENZING** (in their individual capacities only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 5/20/2021**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**

## **<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**